**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

LARRY RAYMOND KLING,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

No. C-09-3021-MWB
(No. CR-06-3007-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

———————————

**TABLE OF CONTENTS**

**I. INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. The Petitioner's Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . 2
    *B. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . 4

**II. PRELIMINARY MATTERS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**III. LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . 5
    *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . 8
        *1.   Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . . 8
        *2.   Failure To Consistently Refer To Facts* . . . . . . . . . . . . . . 10
        *3.   Failure To Keep Client Informed* . . . . . . . . . . . . . . . . . 12
        *4.   Failure To Question Witnesses* . . . . . . . . . . . . . . . . . . . 14
        *5.   Improperly "Locking" Client Into Plea Agreement* . . . . . . . 14
        *6.   Failure To Challenge Evidence Obtained In Search* . . . . . . . 16
        *7.   Failure To Challenge Multiplicitous Counts* . . . . . . . . . . . 17
    *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**IV. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# I. INTRODUCTION

This case is before the court on petitioner Larry Raymond Kling's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by A Person In Federal Custody (Civ. Docket no. 1), filed on April 6, 2009. Kling claims that his trial counsel provided him with ineffective assistance of counsel in several ways. The respondent denies that Kling is entitled to any relief on his claims.

## A. The Petitioner's Criminal Proceedings

On February 9, 2006, Kling was charged by a two-count Indictment (Crim. Docket no. 1), with using, persuading and inducing a person under the age of eighteen to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct using materials which had previously been transported in interstate and foreign commerce and possession of four videotapes that contained visual depictions of a minor engaged in sexually explicit conduct that were produced using materials that had been shipped and transported in interstate and foreign commerce. Kling appeared before United States Magistrate Judge Paul A. Zoss (now Chief United States Magistrate Judge), on March 7, 2006, and pleaded not guilty to all charges in the Indictment. *See* Crim. Docket no. 8. On May 4, 2006, the prosecution filed a Superseding Indictment (Crim. Docket no. 17), with the previous Count One appearing as Counts One through Four, charging each of four videotapes as separate charges; adding a new charge as Count Five, alleging using, persuading and inducing a person under the age of eighteen to engage in sexually explicit conduct for the purpose of producing eight polaroid photographs; with the previous Count Two appearing as Counts Six through Nine, charging each of the previous four videotapes as separate charges; and adding a count of possession of eight polaroid photographs

depicting images of a minor engaged in sexually explicit conduct as Count Ten. *See* Crim. Docket no. 17. Kling appeared before Judge Zoss on May 12, 2006, and pleaded not guilty to all Counts of the Superseding Indictment. *See* Crim. Docket no. 20. On August 30, 2006, Kling appeared before Judge Zoss and entered a plea of guilty to Count One of the superseding indictment, production of child pornography. *See* Crim. Docket no. 65. Judge Zoss entered his Report and Recommendation to Accept Guilty Plea, (Crim. Docket no. 66), on August 30, 2006, recommending that Kling's guilty plea be accepted. By Order (Crim. Docket no. 74), of November 22, 2006, the undersigned accepted Kling's guilty plea to Count One. Kling appeared before the undersigned on February 5, 2007, for sentencing. *See* Crim. Docket no. 77. Kling was sentenced to 324 months on Count One and all other Counts were dismissed. *See* Crim. Docket no. 77. In addition to the term of imprisonment, Kling was placed on supervised release for two years. *See* Crim. Docket no. 77).

On February 7, 2007, Kling filed a Notice Of Appeal (Crim. Docket no. 81), to the United States Eighth Circuit Court of Appeals. Kling argued on appeal that because plea agreements are binding on the court as well as the parties, such agreements are unconstitutionally restrictive of the discretion of the district court. *See* Crim. Docket no. 98. Kling further argued that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment. *See* Crim. Docket no. 98. The Eighth Circuit Court of Appeals held that "a sentencing court can, of course, reject the results of a plea negotiation if it concludes that the resulting agreement is not in the best interest of justice;" therefore, such plea agreements are not unconstitutional. *See* Crim. Docket no. 98. Further, the court held that Kling voluntarily entered into the plea agreement, thereby waiving any argument that his sentence constituted cruel and unusual punishment. *See* Crim. Docket no. 98.

### B. The Petitioner's § 2255 Motion

On April 6, 2009, Kling filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. Docket no. 1)("Motion"). Kling filed an Amended Motion (Civ. Docket no. 10), on September 17, 2009. Respondent filed a Resistance (Civ. Docket no. 14), on November 16, 2009.

## II. PRELIMINARY MATTERS

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Kling's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Kling's allegations cannot be accepted as true because they are contradicted by the record.

Some of Kling's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at

622, with citations omitted)).  However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel."  *See Becht*, 403 F.3d at 545.  The court will assume, without deciding, that Kling can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel.  Therefore, the court will pass on to the merits of Kling's claims for § 2255 relief.

### III.  LEGAL ANALYSIS
#### A.  Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Kling's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").  Thus, a motion pursuant

to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

A claim that has been unsuccessfully raised on direct appeal may not be relitigated on a motion to vacate. *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged

error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Kling's claims for § 2255 relief.

## B.  Ineffective Assistance Of Counsel

### 1.  Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Kling is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established:  post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing

*Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong,

the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2.    *Failure To Consistently Refer To Facts*

Kling claims that his appellate counsel failed to consistently refer to the correct number of pornographic images at issue in his case. (Motion at 7). Kling states that his counsel referred to various numbers of images in his appellate brief in different places of the brief. (Motion at 7). Respondent states that Kling did not dispute that seventeen photographs of the victim were found in the defendant's apartment and that this is the number referred to by counsel in the appeal. (Resistance at 16). Further, the respondent argues that Kling cannot establish that he was prejudiced in any way by counsel's references to the number of photographs because such references had no effect on Kling's guideline range or sentence. (Resistance at 16).

Counts Five and Ten of the Superseding Indictment in Kling's case included references to eight Polaroid photographs. *See* Crim. Docket no. 17. These two counts were ultimately dismissed pursuant to a plea agreement. All other counts of the Superseding Indictment referred to production, use, and/or possession of various materials

without specifying the amount of such materials involved. *See* Crim. Docket no. 17. On August 30, 2006, Kling pleaded guilty to one count of production of child pornography in violation of 18 U. S. C. § 2251(a) (Count One of the Superseding Indictment). *See* Crim. Docket no. 65. On appeal, through counsel, Kling argued that his plea agreement was unconstitutional because it was binding on the court and that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment. *See* Crim. Docket no. 98. The number of photographs was not relevant to either of these arguments.

A criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). To establish ineffective assistance of appellate counsel, Rosas must show that appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his appeal. *Williams v. Kemna*, 311 F.3d 895, 898, (8th Cir. 2002) (citing *Tokar v. Bowersox*, 198 F.3d 1039, 1051 (8th Cir. 1999), *cert denied*, 531 U.S. 886 (2000)). The deficient performance standard is rigorous, because "experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). The prejudice standard is equally rigorous: Kling must show that "the result of the proceeding would have been different" had he raised the issue on direct appeal. *Id*. (citing *Becht v. United States*, 403 F.3d 541, 546 (8th Cir. 2005), *cert. denied*, 546 U.S. 1177 (2006)).

Kling cannot establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the

outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Nothing in the record indicates that the number of photographs had anything to do with the sentence that Kling received or the argument that his sentence was cruel and unusual; therefore, Kling cannot establish that he was prejudiced by any inconsistent statements regarding the number of photographs, that may have been made by counsel on appeal. There is no argument by Kling that had his appellate counsel consistently and accurately referred to the number of photographs involved in the case, the ruling of the appellate court would have been any different. Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 3.    Failure To Keep Client Informed

Kling argues that his counsel provided ineffective assistance by failing to keep him adequately informed. (Motion at 7). Respondent asserts that this claim is refuted by the record of the plea hearing in the case and is, therefore, meritless. (Resistance at 17-18).

Kling has not established that his counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). Kling has not offered sufficient evidence to rebut the presumption that his counsel's conduct "f[e]ll within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324

F.3d 1032, 1040 (8th Cir. 2003). The record in this case refutes Kling's position that his trial counsel failed to keep him informed. Kling stated both in writing when he initialed the plea agreement and in open court, during the taking of his plea of guilty, that he was satisfied with his attorney's representation, and that his attorney had reviewed the plea agreement with him and explained it to him, to his satisfaction. *See* Crim. Docket no. 89. Kling's representations during the plea hearing carry a strong presumption of verity and pose a "'formidable barrier in any subsequent collateral proceedings.'" *See United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (citing *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir. 1985), in turn quoting *Blackledge v. Allison*, 431 U.S. 63, 73 (1977)).

Even if this court were to find that the performance of trial counsel was deficient in this regard, and it does not, the court is not satisfied that Kling can demonstrate that he was prejudiced by counsel's performance. In order to establish prejudice, Kling must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). In the context of his guilty plea, Kling would need to show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 59 (1985). The record indicates that Kling was facing the potential of a life sentence, had he proceeded to trial on all counts; therefore, this court cannot find that entering into a plea agreement to be sentenced in the range of 324 to 360 months, was an irrational choice on Kling's behalf.

Because Kling has not establish that the result of the proceeding would have been any different, he cannot establish prejudice, and his claim must fail on these grounds.

### 4. *Failure To Question Witnesses*

Kling argues that the outcome of his case might have been different if his trial counsel had not refused to question witnesses. (Motion at 7). Respondent states that Kling's claim, on these grounds, must fail because Kling does not explain what questions counsel should have asked or how the asking of such questions would have changed the outcome of his case. (Resistance at 19).

"[F]ailing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." *United States. v. Vazquez-Garcia,* 211 Fed. Appx. 544 (8th Cir. 2007) (citing *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994)). The defendant must provide independent evidence to the court as to what the witness or evidence would have been. *Id.* (citing *Sanders v. Trickey,* 875 F.2d 205, 210 (8th Cir.) (holding that appellant who filed a § 2255 motion but produced no affidavit from the witness in question or any other independent support for his claim failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial)). Because Kling has failed to provide specific names of witnesses or the testimony they would have provided, and has only speculated that he was prejudiced by the alleged failure of counsel, he has not established sufficient prejudice and cannot succeed on this claim. *See id.*

### 5. *Improperly "Locking" Client Into Plea Agreement*

Kling claims that "counsel locked [me] into a plea." (Amended Motion at 4). Respondent argues that the record disputes Kling's position and clearly demonstrates that Kling was given sufficient opportunities to evaluate whether or not he wanted to proceed

with the plea of guilty pursuant to the plea agreement, and chose to proceed. (Resistance at 20-22).

Kling appears to claim that his plea of guilty was not knowingly or voluntarily made and was, therefore, invalid because he was pressured by counsel to plead guilty. "A guilty plea must represent the informed, self-determined choice of the defendant among practicable alternatives; a guilty plea cannot be a conscious, informed, self-determined choice if the accused relies upon counsel who performed ineffectively in advising him." *Hawkman v. Parratt*, 661 F.2d 1161, 1170 (8th Cir. 1981) (citing to *United States ex rel. Healy v. Cannon*, 553 F.2d 1052, 1056 (7th Cir. 1977)). Without doubt, to be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g.*, *United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). The Eighth Circuit Court of Appeals has recognized that a plea agreement may not be knowing and voluntary when it is the result of the ineffective assistance of counsel. *See DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000)(citing to *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366 (1985)). At the same time, a defendant's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of verity. *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997).

The record here reveals that Kling informed the court that he was satisfied with his attorney's representation prior to entering his plea of guilty. (Plea Trans. at 5). During his plea hearing, the merits of the plea agreement were discussed at some length. (Plea Trans. at 14-31). Kling did not indicate during his plea hearing, even though he was given every opportunity to do so, that he felt pressured into accepting the plea agreement or that he did not understand the consequences of pleading guilty as compared to pleading not guilty and

proceeding to trial. Rather, Kling indicated that he had read the entire agreement, understood all of its terms and had been able to discuss it with his counsel. (Plea Trans. at 22).

Kling cannot show that his trial counsel "made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *U.S. v. Rice*, 449 F.3d at 897.(quoting *Strickland*, 466 U.S. at 687). When a defendant chooses to plead guilty after receiving advice from his counsel, the voluntariness and intelligence of the plea depend "on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Brewer v. State of Iowa,* 19 F.3d 1248, 1250 (8th Cir. 1994)(citing *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985) in turn quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 (1970)). Counsel's performance here did not fall "'below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 522 (2003) (quoting *Strickland*, 466 U.S. at 688). This is especially true in light of the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Kling has not demonstrated that his trial counsel provided ineffective assistance and, therefore, this claim must fail.

### 6.    *Failure To Challenge Evidence Obtained In Search*

This court will construe Kling's claim that he did not at any time voluntarily submit to a consensual search of his premises and that there was never a valid search warrant, as a claim that his trial counsel provided ineffective assistance by failing to file a Motion To

16

Suppress to address these issues. (Amended Motion at 4). Respondent points out that Kling's counsel did file an unsuccessful Motion to Suppress Evidence based on an allegation that the search warrant in Kling's case was invalid. (Resistance at 23).

On June 8, 2006, through counsel, Kling filed a Motion To Suppress Number Two (Crim. Docket no. 34). In this motion, Kling argued both that there had not been probable cause to issue the search warrant, and that evidence gained pursuant to the warrant should be suppressed because Kling was not appropriately provided with copies of the entire warrant documents. (Brief In Support, Crim. Docket no. 35, at 2-6). Judge Zoss held that there had been probable cause for the search warrant based on information gained from the Yahoo web portal, in conjunction with the totality of the circumstances not only for the search of the computer in Kling's residence, and for information on that computer, but also for all other contraband evidencing violations of child pornography statutes in Kling's residence. (Crim. Docket no. 46, Report And Recommendation, at 7-12). The undersigned entered an Order (Crim. Docket no. 47), accepting Judge Zoss's ruling on Kling's Motion To Suppress. Because the court found that a valid search warrant had issued, Kling's consent to the search was unnecessary. *See United States v. Hepperle*, 810 F.2d 836, 839 (8th Cir. 1987).

The record indicates that Kling's trial counsel challenged the conduct Kling complains of by filing a Motion To Suppress and that the court denied this motion. Kling has not pointed to any particular argument or evidence that his counsel should have, but failed to, make in support of the Motion To Suppress Evidence. Kling has not demonstrated that his counsel's performance fell 'below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 522 (2003) (quoting *Strickland*, 466 U.S. at 688). Kling's claim on this ground must, therefore, fail.

### 7. *Failure To Challenge Multiplicitous Counts*

Kling claims that "Counts 2 thru 5, Counts 6 thru 10 are Multiplicious [sic]". (Motion at 7). Respondent construes this as an argument that "the indictment is multiplicitous because it charges a single offense in separate counts, a violation of the double jeopardy clause…". (Resistance at 22). Respondent argues that Kling waived this argument by entering a valid guilty plea. (Resistance at 22).

This court will construe Kling's claim as asserting that his trial counsel provided ineffective assistance by failing to challenge the indictment on the ground that it contained multiplicitous counts in violation of the Fifth Amendment. *See Estes v. United States*, 883 F.2d 645, 647 (8th Cir. 1989).

"The general rule is that a valid guilty plea waives all non-jurisdictional defects." *Walker v. United States,* 115 F.3d 603, 604 (8th Cir. 1997). However, here, the court will construe Kling's claims as falling within the category of an ineffective assistance of counsel claim. The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545.

"An indictment is multiplicitous if it charges the same crime in two counts." *United States v. Sandstrom*, ___ F.3d ___ , 2010 WL 323366 (8th Cir. 2010) (citing *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). "A multiplicitous indictment is impermissible because "the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the fifth amendment." *Id.* "When a defendant is charged twice for the same statutory violation, the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution." *Id.* If the offense is a "course-of-conduct offense," the court applies "the impulse test," treating "as one offense all violations that arise from that singleness of thought, purpose or action, which may be deemed a single

'impulse.'" *United States v. Two Elk,* 536 F.3d 890, 899 (8th Cir. 2008) (citing *United States v. Chipps,* 410 F.3d 438, 449 (8th Cir. 2005) in turn quoting *United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 224 (1952)). If the offense is a "separate-act offense," however, the inquiry is at an end because there is no double jeopardy problem. *United States v. Two Elk, at 899.*

This court does not need to decide whether Counts Two through Five and Counts Six through Ten were multiplicitous, for purposes of Kling's 2255 Motion, because even if they were multiplicitous, Kling cannot prove that he was prejudiced by the inclusion of these counts in the Superseding Indictment. Kling pleaded guilty to Count One of the Superseding Indictment and all other counts were dismissed. Kling has not demonstrated that he would not have pleaded guilty to Count One if all of the other Counts had never been included in the Superseding Indictment or had been dismissed , pursuant to a Motion To Dismiss, prior to his entering a guilty plea. In the context of his guilty plea, Kling would need to show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Because Kling cannot establish that he was prejudiced by the inclusion of the allegedly multiplicitous counts in the Superseding Indictment, his claim, on this ground, fails.

## C.  Certificate Of Appealability

Denial of Kling's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate
> of appealability, an appeal may not be taken to the court of
> appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Kling has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Kling's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Kling does not

make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

## IV.  CONCLUSION

Upon the foregoing, Kling's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1), as subsequently amended, is **denied in its entirety**.  This matter is **dismissed in its entirety**.  No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 4th day of March, 2010.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA